EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* FRANCISCO CORTÉS, acusado y apelante.

Núm. 10146.—*Sometido:* Julio 6, 1943. *Resuelto:* Julio 21, 1943.

*A. Reyes Delgado* y *P. Santos Borges,* abogados del apelante; *R. A. Gómez, Fiscal del Tribunal Supemo,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

El apelante fué acusado de una infracción al artículo 260 del Código Penal (pág. 185, ed. 1937) que lee, en su parte pertinente, como sigue:

"Toda persona que maliciosamente cometiere cualquier acto impúdico o lascivo, fuera de los que constituyeren otros delitos previstos en el Código Penal, con un niño menor de catorce años de edad, o con el cuerpo de dicho niño o cualquiera parte o miembro del mismo, con la intención de despertar, incitar o satisfacer la impudicia, pasiones o deseos sexuales de dicha persona o de dicho niño, será culpable de delito grave (*felony*) y recluído en la penitenciaría por un período que no excederá de cinco años."

El acusado fué convicto por un jurado y sentenciado a cumplir dos años y medio de prisión. En apelación señala como único error que la evidencia aducida por El Pueblo estableció un delito diferente al que se le imputó en la acusación—bien sea violación, o ataque con intención de cometer

violación—y que la corte inferior por lo tanto incurrió en error al declarar sin lugar su moción de *nonsuit* presentada al finalizar El Pueblo la presentación de su caso de acuerdo con la disposición del artículo 260 limitando su aplicación a actos diferentes a los que constituyen otros delitos bajo el Código Penal.

La declaración prestada por la perjudicada consistió en que en el año 1939, cuando contaba diez años de edad, el acusado la había empujado contra unos matojos en una pieza de caña, quitándose parte de sus ropas y quitándole parte de las de ella, y "abusó" de ella con su miembro viril, rozándole sus partes pudendas con el mismo. También afirmó que le había introducido como una pulgada el miembro viril en sus órganos genitales, sangrando un poco como consecuencia del acto. Hubo cierta prueba corroborativa de la hermana y de la madre de la testigo. Sin embargo, un médico, que examinó a la niña inmediatamente después del incidente en cuestión, manifestó que no había habido penetración del himen, no encontrando prueba alguna de hemorragia. Encontró, sin embargo, pequeños cardenales en los labios, que en su opinión fueron causados por un acto de violencia efectuado bien con el pene o con un dedo.

La corte de distrito instruyó al jurado en cuanto a la diferencia entre el delito aquí imputado y el de violación (Artículo 255, Código Penal) y el de ataque con intención de cometer violación (Artículo 222, Código Penal). El jurado podía inferir razonablemente de sus instrucciones, a las cuales el acusado no hizo objeción alguna, que si encontraba de la evidencia que se había cometido alguno de estos delitos, el acusado no podía ser convicto de una infracción al artículo 260. A la luz de estas instrucciones, el jurado tuvo que haberle dado crédito a la declaración del doctor en cuanto a que no hubo penetración, y de que el acusado no había por tanto violado la niña. De igual manera, el jurado debe haber concluído que, a pesar de que el acusado cometió los ac-

tos impúdicos,· éste no había asaltado a la perjudicada con la necesaria intención de cometer violación. Bajo dichas circunstancias, el jurado estaba en libertad de declarar al acusado culpable de una infracción al artículo 260. Por tanto dejaremos en pie su veredicto a ese efecto.

*La sentencia de la corte de distrito será confirmada.*

Los Jueces Presidente Sr. Del Toro y Asociado Sr. Travieso no intervinieron.